**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Coast Candidates PAC, *et al.*,

    Plaintiffs,

    v.                                  Case No. 1:11cv775

Ohio Elections Commission, *et al.*,    Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court upon Defendants' Motion to Dismiss. (Doc. 17.) Plaintiffs have filed a Response in Opposition (Doc. 21) and Defendants have filed a Reply (Doc. 24).

### I.    BACKGROUND

Plaintiffs are the Coalition Opposed to Additional Spending & Taxes ("COAST") and COAST Candidates PAC. COAST is an unincorporated association of individuals, and COAST Candidates PAC is a political action committee registered with the Hamilton County Board of Elections. (Doc. 1, ¶¶ 9-10.) Defendants are the Ohio Elections Commission ("Commission") and its individually named members. The Commission is an administrative body created under Chapter 3517 of the Ohio Revised Code and charged with enforcement of various Ohio election laws, including Section 3517.22(B)(2) of the Ohio Revised Code. (Id., ¶ 11)

In its Complaint, COAST seeks a declaration that Section 3517.22(B)(2) is unconstitutional on its face and as applied to COAST, and an injunction enjoining the

Commission from enforcing the statute against COAST. Section 3517.22 provides as follows:

> (B) No person, during the course of any campaign in advocacy of or in opposition to the adoption of any ballot proposition or issue, by means of campaign material, including sample ballots, an advertisement on radio or television or in a newspaper or periodical, a public speech, a press release, or otherwise, shall knowingly and with intent to affect the outcome of such campaign do any of the following:
>
> . . .
>
> > (2) Post, publish, circulate, distribute, or otherwise disseminate, a false statement, either knowing the same to be false or acting with reckless disregard of whether it was false or not, that is designed to promote the adoption or defeat of any ballot proposition or issue.

Ohio Rev. Code § 3517.22(B).

When a complaint alleging a violation of Section 3517.22 is filed within ninety days of a general election, the Commission must convene a three-member panel to hold an expedited hearing and "determine whether there is probable cause to refer the matter to the full commission for a hearing." Ohio Rev. Code §§ 3517.154(B), 3517.156. At the expedited hearing, the panel will make one the following determinations: (1) there is no probable cause and dismiss the complaint; (2) there is probable cause and refer the complaint to the full Commission; or (3) further investigation is necessary and request an investigator to investigate the complaint. Ohio Rev. Code § 3517.156(C).

If the panel determines there is probable cause, the Commission must hold a hearing within ten days after the complaint is referred to the full Commission. Ohio Rev. Code § 3517.156(C)(2). A party adversely affected by a final determination of the Commission may appeal the determination to a county court of common pleas under Section 119.12 of the Ohio Revised Code. Ohio Rev. Code § 3517.157(D).

In 2011, the general election ballot in Cincinnati included a proposed charter amendment ("Issue 48"), which would block construction of streetcars in Cincinnati. (Doc. 1, ¶¶ 19-20.) COAST "tweeted" comments on its Twitter account in support of Issue 48. (Id. ¶¶ 21-23.) For example, one tweet stated: "12.% of fire dept. browned out again today to pay for streetcar boondoggle that 62% think is a ways @CFGHistory YES ON 48 = No streetcar." (Doc. 1, Ex. A ¶ 28.)

On October 28, 2011, an organization opposed to Issue 48, Cincinnatians for Progress, filed a complaint against COAST Candidates PAC before the Ohio Elections Commission. (Doc. 1-1.) The complaint stated that COAST Candidates PAC violated Section 3517.22(B) by making false statements in twenty of its "tweets." On November 4, 2011, a probable cause review panel of the Commission determined that there was no probable cause and dismissed the complaint against COAST Candidates PAC. (Doc. 17-1, Richter Aff., Ex. C-1.)

On November 7, 2011, Cincinnatians for Progress filed a second complaint with the Commission, naming COAST instead of COAST Candidates PAC, but alleging that the same twenty tweets violated Section 3517.22(B)(2). (Id., Ex.D-1.) On November 17, 2011, the Commission determined that there was no probable cause and dismissed the second complaint. (Id., Ex. G-1.)

On November 1, 2011, Plaintiffs filed their Complaint: (1) claiming a violation of their First Amendment rights based on the existence of Section 3517.22(B)(2) and the on-going threat of being hauled before the Ohio Elections Commission based upon the claim of someone that a statement concerning a ballot issue was false; and (2) seeking a declaration that Section 3517.22(B)(2) is facially unconstitutional, as well as applied to

Plaintiffs. (Doc. 1.)[1]

## II.  ANALYSIS

### A.  Standard of Review

Defendants argue that Plaintiffs' claims should be dismissed based on ripeness, standing and mootness. All of these issues are a question of subject matter jurisdiction, and therefore are properly analyzed under Federal Rule 12(b)(1). *Bigelow v. Michigan Dept. of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992) ("If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed."); *Susan B. Anthony List v. Driehaus*, 805 F. Supp. 2d 412, 419 (S.D. Ohio 2011) ("A motion to dismiss for lack of standing is properly analyzed under Rule 12(b)(1), since 'standing is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction.'") (quoting *Ward v. Alt. Health Delivery Sys.*, 261 F.3d 624, 626 (6th Cir. 2001)); *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008) (explaining that mootness implicates Article III's "case or controversy" requirement and is a jurisdictional requirement).

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) "can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). In this instance,

---

[1] In an earlier case, COAST brought the same claims based upon a different set of facts and Section 3517.21, which applies to unfair political campaign activities and parallels Section 3517.22. *See Coalition Opposed To Additional Spending & Taxes v. Ohio Elections Commission, et al.*, Case No. 1:10cv754.

Defendants attack the factual basis for jurisdiction. In deciding a challenge to the factual basis for jurisdiction, "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### A. **Mootness**

"While standing restricts a party's capacity to bring a lawsuit at the time the complaint is filed, mootness restricts a party's capacity to bring a lawsuit throughout the course of the litigation." *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 460 (6th Cir. 2007) (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396-97 (1980)). Defendants argue that to the extent that Plaintiffs' claims are based upon the complaints which were previously filed against Plaintiffs, those claims are moot because those complaints were dismissed. The Court would agree, but Plaintiffs maintain that they are not bringing their claims as an as-applied challenge based on the past enforcement of Section 3517.22(B)(2). Instead, Plaintiffs have limited their claims to a pre-enforcement challenge and a facial challenge to Section 3517.22(B)(2). (See Doc. 21, at 19-20.)

With regards to Plaintiffs' pre-enforcement and facial challenge, the Supreme Court has "recognized that the 'capable of repetition, yet evading review' doctrine, in the context of election cases, is appropriate when there are 'as applied' challenges as well as in the more typical case involving only facial attacks.'" *Federal Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 463 (2007) (quoting Storer v. Brown, 415 U.S. 724, 737, n.8 (1974)). This exception to mootness "applies where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a

reasonable expectation that the same complaining party will be subject to the same action again.'" *Id.* at 462 (quoting Spencer v. Kemna, 523 U.S. 1, 17 (1998)).

The Court finds that the first prong is satisfied because this is a legal dispute involving an election. *See Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006) ("The first prong of this test is easily satisfied. Legal disputes involving election laws almost always take more time to resolve than the election cycle permits.").

As to the second prong, the Supreme Court has instructed that "the same controversy sufficiently likely to recur when a party has a reasonable expectation that it will again be subjected to the alleged illegality or will be subject to the threat of prosecution under the challenged law." 551 U.S. at 463 (quotations and citations omitted). Plaintiffs have alleged that they desire to continue to disseminate their position on various initiative matters appearing on the ballot; but that the existence of Section 3517.22(B)(2) and the threat of being brought before the Ohio Elections Commission will temper their speech. (Doc. 1, ¶¶ 43-46.) Therefore, the Court finds that Plaintiffs' claims, as plead in the Complaint, are not moot, and Defendants' Motion to Dismiss is DENIED on this basis.

### B. <u>Constitutional standing</u>

"A plaintiff has constitutional standing if he: (1) shows a concrete and actual or imminent injury in fact; (2) demonstrates that the defendant's conduct caused the injury; and (3) shows that it is likely, as opposed to merely speculative, that a favorable decision will redress the injury." *Miller v. City of Cincinnati*, 622 F.3d 524, 531-32 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 2875 (2011) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Constitutional standing is tested by the facts as they existed when the action was brought. *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513,

524 (6th Cir. 2001) (citing Smith v. Sperling, 354 U.S. 91, 93 n. 1 (1957)). Plaintiffs have identified their injury as their "chilled speech" which is caused by the existence of Section 3517.22(B)(2) and the threat of being brought before the Ohio Elections Commission.

"Where a plaintiff alleges that state action has chilled his speech, 'it is not necessary that [he] first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights.'" *Berry v. Schmitt*, 688 F.3d 290, 296 (6th Cir. 2012) (quoting Steffel v. Thompson, 415 U.S. 452, 459 (1974)). "However, a plaintiff must still satisfy the injury-in-fact requirement by showing: (1) 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute' and (2) 'a credible threat of prosecution thereunder.'" *Id.* (quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979)).

At the outset, the Court notes that there is no argument that the political speech in this case is not "arguably affected with a constitutional interest." However, Defendants argue that Plaintiffs' speech was not proscribed by Section 3517.22(B)(2) because the statute only prohibits false speech, and Plaintiffs have not stated any intention to engage in false speech.[2] Plaintiffs respond that while they do not intend to engage in false speech, their speech has been chilled out of fear that any provocative statements might be challenged as false by political opponents. (See Doc. 22, Mark Miller Decl., ¶ 20.)

---

[2]Defendants point out that the Sixth Circuit has held that Section 3517.21(B)(10), which parallels Section 3517.22(B)(2), does not reach any constitutionally-protected speech. *See Pestrak v. Ohio Elections Commission*, 926 F.2d 573, 579 (6th Cir. 1991) ("false speech, even political speech, does not merit constitutional protection if the speaker knows of the falsehood or recklessly disregards the truth . . . Thus, on its face, the statute [R.C. 3517.21(B)10] is directed against, and Pestrak was charged with issuing, speech that is not constitutionally protected.").

However, as the Sixth Circuit has explained:

> With respect to the standing of First Amendment litigants, the Supreme Court is emphatic: "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Laird*, 408 U.S. at 13-14, 92 S.Ct. 2318; *see also Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (requiring a harm to be "distinct and palpable" for standing purposes). In *Laird*, the Court confronted the question of "whether the jurisdiction of a federal court may be invoked by a complainant who alleges that the exercise of his First Amendment rights is being chilled by the mere existence, *without more*, of a governmental investigative and data-gathering activity." 408 U.S. at 10, 92 S.Ct. 2318 (emphasis added).

*Morrison v. Bd. of Educ. of Boyd County*, 521 F.3d 602, 608 (6th Cir. 2008). The Sixth Circuit has provided examples of what would be necessary to substantiate an otherwise-subjective allegation of chill: (1) issuance of a temporary restraining order; (2) an eight-month investigation in the activities and beliefs of the plaintiffs by Department of Housing and Urban Development officials; (3) and numerous alleged seizures of membership lists and other property belonging to the plaintiffs. *Id.* at 609. The court explained that "[e]ven this abbreviated list confirms that for purposes of standing, subjective chill requires some specific action on the part of the defendant in order for the litigant to demonstrate an injury-in-fact." *Id.*

Plaintiffs have failed to demonstrate something "more" than a subjective allegation of chill in this case. "[A]bsent proof of a concrete harm, where a First Amendment plaintiff only alleges inhibition of speech, the federal courts routinely hold that no standing exists." *Morrison*, 521 F.3d at 609; *see, e.g.*, *All Children Matter v. Brunner*, No. 2:08-cv-1036, 2011 WL 665356, at *4 (S.D. Ohio Feb. 11, 2011) (dismissing complaint where plaintiff offered "no showing of imminent or actual harm beyond its self-imposed chill"); *Susan B. Anthony List v. Driehaus*, 805 F. Supp. 2d at 422 (dismissing COAST's nearly identical

claims because COAST's allegations of chilled protected speech did not demonstrate injury-in-fact). "Even when a party has been unlawfully sanctioned in the past, . . . exposure to illegal conduct does not in itself show a present case or controversy. While previous sanctions might, of course, be evidence bearing on whether there is a real and immediate threat of repeated injury . . . where the threat of repeated injury is speculative or tenuous, there is no standing to seek injunctive relief." *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 966 (6th Cir. 2009) (internal citations omitted).

Moreover, Plaintiffs have not shown that there is a credible threat of prosecution under Section 3517.22(B)(2). As Defendants point out, the Commission itself cannot initiate any proceeding or investigate any person or entity on its own initiative. Instead, a complaint must be "by affidavit of any person, on personal knowledge, and subject to the penalties for perjury, or upon the filing of a complaint made by the secretary of state or an official at the board of elections." Ohio Rev. Code § 3517.153(A). That means that Plaintiffs would need to make some statement in the future, then Cincinnatians for Progress, or some other group or individual, would need to file a groundless complaint against Plaintiffs, and Defendants would then fail to follow the provisions in Section 3517.22. This scenario is far too speculative. As the Sixth Circuit has instructed, standing does not exist where "the chain of events necessary for the plaintiffs . . to suffer false prosecution veers 'into the area of speculation and conjecture.'" *White v. United States*, 601 F.3d 545, 554 (6th Cir. 2010) (quoting O'Shea v. Littleton, 414 U.S. 488, 497 (1974)); *cf. Berry*, 688 F.3d at 297 (concluding that plaintiff has shown a credible threat of enforcement where he received warning letter from the Kentucky Bar Association's Inquiry Commission which stated that he had violated a Rule of Professional Conduct and

cautioned him to "not let it happen again."). Accordingly, Plaintiffs do not have standing to bring their claims, and Defendants' Motion to Dismiss is GRANTED on this basis.[3]

## III.   CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss (Doc. 17) is **GRANTED**. This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

            /s/ Michael R. Barrett
           Michael R. Barrett
           United States District Judge

---

[3]Because the Court has answered the question of "whether the plaintiff has standing-whether he is the proper party to request an adjudication of a particular issue, because he has suffered a concrete injury-in-fact" in the negative, the Court finds it unnecessary to answer the question of "whether a particular challenge is brought at the proper time and is ripe for pre-enforcement review." *See Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997).