UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

COAST Candidates, PAC, *et al.,*           Case No. 1:11-cv-775

                                                 Judge Michael R. Barrett

                  Plaintiff,

     V.

Ohio Elections Commission, *et al.,*

                  Defendant.

## OPINION & ORDER

This matter is before the Court upon Plaintiffs' Motion for Temporary Restraining Order. (Doc. 3). This Motion has been fully briefed and the Court held a hearing on this Motion on October 17, 2014. (Doc, 46).

### I. BACKGROUND

Plaintiffs are the Coalition Opposed to Additional Spending & Taxes and COAST Candidates PAC (herein "COAST"). Defendants are the Ohio Elections Commission and its individually named members (herein "Commission"). Plaintiffs challenge the constitutionality of section 3517.22(B)(2) of the Ohio Revised Code. Plaintiffs claim that the statute violates the First Amendment and is unconstitutional on its face and as applied to Plaintiffs. Plaintiffs seek an injunction enjoining the Commission from enforcing the statute.

Section 3517.22 provides in relevant part:

(B) No person, during the course of any campaign in advocacy of or in opposition to the adoption of any ballot proposition or issue, by means of

campaign material, including sample ballots, an advertisement on radio or television or in a newspaper or periodical, a public speech, a press release, or otherwise, shall knowingly and with intent to affect the outcome of such campaign do any of the following:

. . .

(2) Post, publish, circulate, distribute, or otherwise disseminate, a false statement, either knowing the same to be false or acting with reckless disregard of whether it was false or not, that is designed to promote the adoption or defeat of any ballot proposition or issue.

Ohio Rev. Code § 3517.22.

Upon the Commission's Motion to Dismiss, this Court previously dismissed Plaintiffs' Complaint, finding Plaintiffs lacked standing to bring their claims. (Doc. 26). On appeal, the Sixth Circuit affirmed this decision. (Doc. 30). However, on appeal to the United States Supreme Court, the judgment was vacated and the case was remanded in light of the Supreme Court's decision in *Susan B. Anthony List v. Driehaus*, 134 S Ct. 2334 (2014). (Doc. 39). In *Driehaus*, Susan B. Anthony List ("SBA List") and COAST challenged the constitutionality of a similar provision of Ohio's false statement statute, Ohio Revised Code § 3517.21(B). Instead of applying to "any ballot proposition or issue," section 3521.21(B) applied to false statements concerning candidates for public office.[1]

While the facts which formed the basis of Plaintiffs' claims concerned a ballot issue in the November 2011 election, Plaintiffs explain that their claims remain ripe because they are interested in speaking on issues which are on the ballot in Cuyahoga County in the November 2014 election.

---

[1] SBA List and COAST challenged the part of the statute which made it a crime for any person to "[m]ake a false statement concerning the voting record of a candidate or public official," § 3517.21(B)(9), or to "[p]ost, publish, circulate, distribute, or otherwise disseminate a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not," § 3517.21(B)(10).

2

## II. ANALYSIS

### A. Preliminary Injunction Standard

When deciding a motion for preliminary injunction under Federal Rule of Civil Procedure 65, this Court must consider (1) whether there is a likelihood of success on the merits of the plaintiff's claim; (2) whether the plaintiff will suffer irreparable harm if the injunction is not granted; (3) whether others would be harmed by granting the injunction; and (4) whether the public good is served by issuing the injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc)). These considerations are factors to be balanced, not prerequisites that must be met. *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). The Court notes that "'[w]hen a party seeks a preliminary injunction on the basis of a potential violation of the First Amendment, the likelihood of success on the merits often will be the determinative factor.'" *Jones v. Caruso*, 569 F.3d 258, 265-66 (6th Cir. 2009) (quoting *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998)).

On remand from the United States Supreme Court, this Court in *Driehaus* weighed these factors and preliminarily and permanently enjoined the Commission and its members from enforcing sections 3517.21(B)(9)-(10). *Susan B. Anthony List v. Driehaus*, Doc. 139, Case No. 1:10-cv-720-TSB (S.D. Ohio Sept. 11, 2014). This Court found that sections 3517.21(B)(9)-(10) did not satisfy strict scrutiny and were also overbroad. The rationale this Court provided for finding that the plaintiffs in *Driehaus* had a strong likelihood of success on the merits of their claim applies equally in this case. Furthermore, as this Court explained in *Driehaus*, the loss of First Amendment

3

freedoms constitutes irreparable injury, and it is in the public's interest to prevent a violation of a party's constitutional rights. Accordingly, the Court finds that in this case the preliminary injunction factors weigh in favor of granting the preliminary injunction.

Federal Rule of Civil Procedure 65(c) provides that this Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." While the language of Rule 65(c) appears to be mandatory, the rule in the Sixth Circuit "has long been that the district court possesses discretion over whether to require the posting of security." *Moltan Co. v. Eagle–Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) (citing *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 539 (6th Cir. 1978). Defendants have not sought a security bond. Moreover, to date, Defendants have not set forth any evidence of damages in the event that the statute is found unconstitutional. Therefore, the Court will not order Plaintiffs to post security.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Temporary Restraining Order (Doc. 3) is **GRANTED**. Defendants are hereby enjoined from enforcing Ohio Revised Code § 3517.22(B)(2) until further order of this Court.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT