UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

COAST Candidates, PAC, *et al.,*           Case No. 1:11-cv-775

         Judge Michael R. Barrett

         Plaintiff,

V.

Ohio Elections Commission, *et al.,*

         Defendant.

## OPINION & ORDER

This matter is before the Court upon Plaintiffs COAST Candidates PAC and Coalition Opposed To Additional Spending & Taxes' Motion for Summary Judgment. (Doc. 42). Also before the Court is Defendants Ohio Elections Commission, Charles E Calvert, Brian Felmet, John Mroczkowski, Harvey Shapiro, Jayme Smoot, Degee Wilhelm, and Larry Wolpert's Motion for Summary Judgment. (Doc. 44). These Motions have been fully briefed. (Docs. 43, 45). In addition, Plaintiffs filed a Notice of Supplemental Authority. (Doc. 48).

### I. BACKGROUND

Plaintiffs are the Coalition Opposed to Additional Spending & Taxes and COAST Candidates PAC (herein "COAST"). Defendants are the Ohio Elections Commission and its individually named members (herein "Commission"). COAST challenges the constitutionality of section 3517.22(B)(2) of the Ohio Revised Code, which provides in relevant part:

> (B) No person, during the course of any campaign in advocacy of or in opposition to the adoption of any ballot proposition or issue, by means of campaign material, including sample ballots, an advertisement on radio or television or in a newspaper or periodical, a public speech, a press release, or otherwise, shall knowingly and with intent to affect the outcome of such campaign do any of the following:
>
> . . .
>
>> (2) Post, publish, circulate, distribute, or otherwise disseminate, a false statement, either knowing the same to be false or acting with reckless disregard of whether it was false or not, that is designed to promote the adoption or defeat of any ballot proposition or issue.

Ohio Rev. Code § 3517.22.

COAST claims that the statute violates the First Amendment and is unconstitutional on its face and as applied to COAST. On October 27, 2014, this Court granted COAST's Motion for Temporary Restraining Order and enjoined the Commission from enforcing Ohio Revised Code § 3517.22(B)(2) until further order of this Court. (Doc. 47). In their Motion for Summary Judgment, COAST seeks a declaration that Ohio Revised Code § 3517.22(B)(2) is facially unconstitutional; and requests that the Court permanently enjoin the Commission from enforcing Ohio Revised Code § 3517.22(B)(2). In their Motion for Summary Judgment, the Commission seeks judgment in their favor and dismissal of the case.

## II. ANALYSIS

### A. Standard of Review

A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and

2

defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Lee v. City of Columbus, Ohio*, 636 F.3d 245, 249 (6th Cir. 2011) (citing *Wedgewood Ltd. P'ship I v. Twp. of Liberty, Ohio*, 610 F.3d 340, 349 (6th Cir. 2010)) ("A party is entitled to a permanent injunction if it can establish that it suffered a constitutional violation and will suffer continuing irreparable injury for which there is no adequate remedy at law.").

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The standard of review for cross-motions for summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation." *Ferro Corp. v. Cookson Group, PLC*, 585 F.3d 946, 949 (6th Cir. 2009).

### B. *List v. Ohio Elections Commission*

In *List v. Ohio Elections Commission*, 45 F. Supp. 3d 765 (S.D. Ohio 2014), COAST, along with another organization, Susan B. Anthony List, challenged the constitutionality of a nearly identical provision of Ohio's false statement statute: Ohio

Revised Code § 3517.21(B). Instead of applying to "any ballot proposition or issue," section 3521.21(B) applied to false statements concerning candidates for public office.[1]

As part of its analysis, this Court noted that a "exceedingly similar" false statement statue had been declared unconstitutional by the Eight Circuit. 45 F. Supp. at 774 (citing *Care Comm. v. Arneson*, 766 F.3d 774, 785 (8th Cir. 2014)). Likewise, this Court found that sections 3517.21(B)(9)-(10) did not satisfy strict scrutiny and were also facially overbroad. *Id.* at 779. This Court explained that the loss of First Amendment freedoms constitutes irreparable injury, granted summary judgment in favor of the plaintiffs, and permanently enjoined the Commission from enforcing Ohio Revised Code Sections 3517.21(B)(9)–(10). *Id.* at 780-81.

The Court sees little reason to distinguish this case from *List*. Therefore, the Court applies the same analysis and concludes that section 3517.22(B)(2) of the Ohio Revised Code violates the First Amendment. For the same reasons stated in *List*, this Court finds that COAST is entitled to permanent injunctive relief.

---

[1] The challenged provisions of Ohio Revised Code § 3517.21(B) were:

(B) No person, during the course of any campaign for nomination or election to public office or office of a political party, by means of campaign materials, including sample ballots, an advertisement on radio or television or in a newspaper or periodical, a public speech, press release, or otherwise, shall knowingly and with intent to affect the outcome of such campaign do any of the following:
. . .

(9) Make a false statement concerning the voting record of a candidate or public official;

(10) Post, publish, circulate, distribute, or otherwise disseminate a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, if the statement is designed to promote the election, nomination, or defeat of the candidate.

4

### III. CONCLUSION

Plaintiffs' Motion for Summary Judgment (Doc. 42) is **GRANTED**; and Defendants' Motion for Summary Judgment. (Doc. 44) is **DENIED**.  The Commission is permanently enjoined from enforcing Ohio Revised Code § 3517.22(B)(2).  This matter is **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                                     */s/ Michael R. Barrett*
                                                  JUDGE MICHAEL R. BARRETT